**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2997
_____

JOSEPH PASKAS,
                                          Appellant
v.

UNITED PARCEL SERVICE, INC.;
JOHN DOES (1-10);
JANE DOES (1-10);
XYZ CORP, INC. (1-10)
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:23-cv-01162)
District Judge: Hon. Esther Salas
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 30, 2025
_____

Before: SHWARTZ, MATEY, and SCIRICA, *Circuit Judges*

(Filed: December 12, 2025)
_____

OPINION*
_____

---

*This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

After Joseph Paskas was terminated from his position with United Parcel Service ("UPS"), he filed this action alleging violations of New Jersey's Conscientious Employee Protection Act ("CEPA"). The District Court dismissed the matter with prejudice, and we will affirm.[1]

Paskas's claims center on the annual certifications UPS requires for certain supervisors, referred to as 1094 certifications. When Paskas learned that one of his subordinates, Emily Bermudes, misrepresented her certification, he reported the matter to his supervisors. UPS, according to Paskas, did not investigate and allowed Bermudes to remain in her position. Then, many months later, Bermudes reported Paskas to the company for alleged inappropriate conduct. UPS investigated and terminated Paskas's employment. Paskas alleges his firing was retaliation for his reports about the missing certification, a credential, he asserts, necessary for UPS to comply with Federal Motor Carrier Safety Administration ("FMCSA") regulations, specifically those found in 49 C.F.R. Part 380.

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1332 and we have jurisdiction under 28 U.S.C. § 1291. "We exercise plenary review of the District Court's dismissal" of the complaint, *Phila. Taxi Ass'n, Inc. v. Uber Techs., Inc.*, 886 F.3d 332, 338 (3d Cir. 2018), and "may affirm on any basis supported by the record, even if it departs from the District Court's rationale," *TD Bank N.A. v. Hill*, 928 F.3d 259, 270 (3d Cir. 2019). It is unclear whether Paskas separately appeals the District Court's decision to dismiss with prejudice, making that argument "inadequately briefed and, accordingly . . . effectively waived." *Norman v. Elkin*, 860 F.3d 111, 129 (3d Cir. 2017).

But to survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To state a claim under CEPA, N.J. Stat. Ann. § 34:19-3, Paskas must allege he "reasonably believed" his "employer's conduct was violating either a law or a rule or regulation." *Blackburn v. UPS*, 179 F.3d 81, 92 (3d Cir. 1999) (citation omitted). That requires Paskas to "set forth facts that would support an objectively reasonable belief that a violation has occurred," with "a substantial nexus between the complained-of conduct and a law or public policy." *Dzwonar v. McDevitt*, 828 A.2d 893, 901 (N.J. 2003). Paskas recites a series of federal regulations and alleges that UPS, to comply with those regulations, requires its on-road supervisors to obtain a 1094 certification on an annual basis via examination. He further alleges that he believed Bermudes's continued employment as an on-road supervisor without her 1094 certification violated federal law. What the Amended Complaint lacks is a substantial nexus between law and fact.

Paskas has not alleged how UPS's annual 1094 certification procedures implement federal regulations. For a start, he has failed to allege a "substantial nexus" between the 1094 certification and federal law at all. *Dzwonar*, 828 A.2d at 901. He simply asserts that UPS requires annual 1094 certifications to comply with federal law, and that is precisely the type of "unsupported conclusion[]" we need not accept. *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (quoting *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997)). Further, UPS's 1094 certification policies have no obvious connection to its obligations under federal law. Paskas's cited

3

regulations apply to driving instructors, *see* 49 C.F.R. § 380.301, but Paskas does not explain how his allegations against Bermudes relate to those regulations. Indeed, Paskas has failed to allege any specifics about 1094 certification at all, or that UPS "[k]nowingly" allowed employees to provide instruction, as defined by federal law, without meeting the federally mandated qualifications. 49 C.F.R. § 380.305(a)(1).[2]

Paskas has also failed to sufficiently allege a causal connection between his acts and the adverse employment action. "Our analysis of a retaliatory discharge claim under CEPA is similar to our analysis of a retaliation claim under federal discrimination law." *Blackburn*, 179 F.3d at 92. "We have been reluctant to infer a causal connection based on temporal proximity alone." *Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245, 258 (3d Cir. 2014). Therefore, "[t]o demonstrate a causal connection, a plaintiff must show 'either 1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or 2) a pattern of antagonism coupled with timing to establish a causal link.'" *Id.* (citation omitted).

Neither are present in the complaint. Paskas does not allege a pattern of antagonism. And months passed between Paskas's concerns and his termination. *See, e.g.*, *Thomas v. Town of Hammonton*, 351 F.3d 108, 114 (3d Cir. 2003) (finding that "over three weeks pass[ing]" between complaint and discharge is too long to infer a causal connection).

---

[2] For the same reasons, Paskas has not alleged these acts constituted fraud. At most, Paskas alleges that a UPS employee failed to follow company rules.

4

\* \* \*

The District Court did not err in granting UPS's motion to dismiss. So we will affirm.